# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-60510
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
September 18, 2019

Lyle W. Cayce
Clerk

MARIA ARGENTINA BONILLA CRUZ; KRISTOFF AARON RODRIGUEZ BONILLA,

Petitioners

v.

WILLIAM P. BARR, U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A202 005 768
BIA No. A202 005 769

Before KING, GRAVES, and WILLETT, Circuit Judges.

PER CURIAM:*

Maria Argentina Bonilla Cruz, a native and citizen of Honduras, petitions for review of the order of the Board of Immigration Appeals (BIA) dismissing her appeal.[1] Bonilla Cruz insists that she is entitled to asylum and withholding of removal because she established that her political beliefs were

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] Bonilla Cruz is the lead petitioner; the remaining petitioner, her minor son, is a derivative beneficiary on her application.

a central reason for the economic extortion and death threats she received from the MS-13 gang. She also asserts that she is entitled to relief under the Convention Against Torture (CAT) because she showed that she was subjected to torture.

This court reviews the factual determination that an alien is not eligible for asylum, withholding of removal, or CAT relief under the substantial evidence standard. *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006). Under that standard, we may not reverse an immigration court's factual findings unless "the evidence was so compelling that no reasonable factfinder could conclude against it." *Wang v. Holder*, 569 F.3d 531, 537 (5th Cir. 2009); *see* 8 U.S.C. § 1252(b)(4)(B).

Bonilla Cruz has not met this standard, as the evidence in support of her theory that her political beliefs were a central reason for the extortion and threats is not so compelling that a reasonable factfinder could not reject it. *See Wang*, 569 F.3d at 537. Her argument that the BIA should have remanded after concluding that the IJ erred is unavailing because it is based on her apparent misreading of the record; the BIA made no such conclusion. She has not shown that substantial evidence compels a conclusion contrary to that of the BIA on the issue whether she was entitled to asylum due to past persecution or a reasonable fear of future persecution due to her political beliefs. *See Wang*, 569 F.3d at 537. Because withholding of removal is a higher standard than asylum, she has also failed to show that the BIA erred by rejecting her claim for withholding of removal. *See Efe v. Ashcroft*, 293 F.3d 899, 906 (5th Cir. 2002).

Finally, she has not shown that she should receive CAT relief, which is available to one who shows that it is more likely that not that she would be subjected to officially sanctioned torture if she were removed. *See Ramirez-*

No. 18-60510

*Mejia v. Lynch*, 794 F.3d 485, 493 (5th Cir. 2015) (quoting 8 C.F.R. § 1208.16(c)(2)).  The petition for review is DENIED.